# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0165, <u>State of New Hampshire v. Joseph LeBlanc</u>, the court on July 29, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Joseph LeBlanc, appeals decisions of the Superior Court (<u>Ignatius</u>, J.) declining to modify his $2,500 cash bail order. <u>See</u> RSA 597:6-e (Supp. 2023). We affirm.

The defendant is charged in the Merrimack County Superior Court with theft by deception for creating or reinforcing a false impression in the alleged victim, an 88-year-old woman, that he would use $6,000 that she allegedly paid him to perform repair work on her home. <u>See</u> RSA 637:4, I, II(a) (2016). At the time of the initial bail hearing, the defendant had been convicted in a similar case and had been ordered to pay $70,000 in restitution. He was also incarcerated on a parole setback and faced similar charges in Rockingham County where he had been ordered to pay $2,500 in bail. The State requested that bail be set at $5,000 cash. In response, the defendant requested that bail be set at $2,500 in order "to track with Rockingham." The Trial Court (<u>Kissinger</u>, J.) ordered the defendant released "on $2500 cash only" bail.

In the preprinted bail order issued by the trial court, there is a box, which the trial court did <u>not</u> check, next to a statement saying, "The court finds by clear and convincing evidence that no reasonable alternative or combination of conditions will:," and a box underneath that clause, which the trial court <u>did</u> check, stating, "Reasonably assure that the defendant will not commit an offense while on release." Those statements, in turn, are underneath another preprinted statement finding "that this [$2,500 cash bail] financial condition will not be the cause for continued detention, unless:." <u>See</u> RSA 597:2, III(c) (Supp. 2023).

The defendant subsequently requested at multiple hearings and in a written motion that the trial court amend the bail order to make it "concurrent" with the $2,500 bail order in the Rockingham County case, claiming that he was unable to pay $2,500 in both Rockingham County and Merrimack County. The defendant asserted that he anticipated his release on the parole setback in March 2024, that he would live with a 73-year-old man in Nashua upon his release, that he had arranged employment with a Massachusetts-based company in the business of buying and selling homes, and that he would be advising that company with respect to construction work for properties it might

purchase. The State opposed the requests, arguing that the defendant had an extensive criminal history dating back to 1989 involving more than 20 convictions for "fraud, deceit, and theft," that he had been charged with multiple felony counts of theft by deception in Rockingham County Superior Court and a misdemeanor theft by deception count in Milford, all of which involved offers to do contracting work, taking advance payments to do the work, and never performing the work, and that he had previously been found to have violated probation terms and to have "absconded from parole."

In denying the defendant's requests to amend bail, the trial court noted "a disturbing picture of multiple serious charges," that additional charges were likely to follow, that the defendant's proposed employer was "in a business similar to the allegations in these cases," and that the defendant's criminal history demonstrated "not much care about following through on the rules of absconding from probation, of picking up new charges again and again and again of the same kind and of convictions."

RSA 597:2 (Supp. 2023), in relevant part, authorizes the trial court to release a criminal defendant pending trial on his or her personal recognizance or upon execution of an unsecured appearance bond, to conditionally release the defendant, or to detain the defendant. RSA 597:2, I(a)-(c). The statute further provides that, when considering whether to release or detain the defendant, the trial court shall consider factors such as the "[s]afety of the public," whether the defendant's appearance at trial can be assured, and whether the defendant had complied with prior bail conditions. RSA 597:2, III. The trial court may not "impose a financial condition that will result in the pretrial detention of the [defendant] solely as a result of that financial condition unless the court determines by clear and convincing evidence after a hearing that no reasonable alternative or combination of conditions will assure that the [defendant] will not commit a new offense." RSA 597:2, III(c). The trial court "may consider any relevant factors in making its determination." Id.

On appeal, the defendant first argues that the trial court erred by not making "the requisite clear-and-convincing-evidence findings required when a bail order's financial condition results in a defendant's detention." At no point in the trial court proceedings, however, did the defendant argue that the trial court erred because it had failed to make the statutory findings by clear and convincing evidence. See State v. Blackmer, 49 N.H. 48, 49 (2003). Accordingly, this argument is not preserved.

Even if the defendant had preserved this argument, however, we agree with the State that the trial court's initial bail order, in which it checked the box next to the statement stating, "Reasonably assure that the defendant will not commit an offense while on release," but neglected to check the box above it stating, "The court finds by clear and convincing evidence that no reasonable alternative or combination of conditions will:," demonstrates that the trial court

2

did, in fact, make the requisite finding of fact.  See In the Matter of Salesky & Salesky, 157 N.H. 698, 70203 (2008) (stating that interpretation of a trial court order is a question of law that we review de novo, that we construe subsidiary clauses of a court order so as not to conflict with its primary purpose, and that we interpret a court order with reference to the issues it was meant to decide).  It would not make logical sense for the trial court to have checked the box it did unless it had found, by clear and convincing evidence, that no reasonable alternative or combination of conditions would reasonably assure that the defendant would not commit an offense while on release.

The defendant further argues that "the reasoning stated in support of" the trial court's denial of his requests to amend the bail order "does not withstand scrutiny."  We review the trial court's decision not to amend the bail order for an unsustainable exercise of discretion.  See State v. Spaulding, 172 N.H. 205, 207 (2019).  When evaluating the trial court's decision under this standard of review, we determine whether the record establishes an objective basis sufficient to sustain the trial court's discretionary judgment.  See id. at 207-08.  To establish that the trial court unsustainably exercised its discretion, the defendant must demonstrate that its ruling was clearly untenable or unreasonable to the prejudice of his case.  Id. at 208.  Given the defendant's extensive history of fraud- and theft-related crimes, the fact that he faced multiple charges alleging fraudulent conduct involving home repair work in three different courts, and the fact that his planned employment involved consulting on home repair estimates, we cannot conclude that the trial court unsustainably exercised its discretion.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3